IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>  vs.<br><br>KINDERCARE LEARNING CENTERS, INC.,<br><br>        Defendant. | Civil Case No. 07-642-KI *(Lead Case)*<br>Civil Case No. 07-978-KI<br><br>CONSOLIDATED CASES<br><br>OPINION AND ORDER |

Jay A. Christofferson
Geni K. Krogstad
McCormick Barstow Sheppard
Wayte & Carruth, LLP
P. O. Box 28912
5 River Park Place East
Fresno, California  93720-1501

      Attorneys for American International Specialty Lines
            Insurance Company

Page 1 - OPINION AND ORDER

    James L. Hiller
    Hitt Hiller Monfils Williams LLP
    411 S.W. 2nd Avenue, Suite 400
    Portland, Oregon  97204

        Attorney for Employer Insurance Company of Wausau

    David A. Ernst
    Nicholas L. Dazer
    Bullivant Houser Bailey PC
    300 Pioneer Tower
    888 S. W. Fifth Avenue
    Portland, Oregon  97204-2089

        Attorneys for Defendants

KING, Judge:

These are consolidated cases brought by two insurance companies, American International Specialty Lines Insurance Company ("AISLIC") and Employers Insurance Company of Wausau ("Wausau") (together, "Insurance Companies"), to recover the amount paid in settlement to a child, Nicholas Dawson, through his *guardian ad litem*, in an action against KinderCare and School Specialty, Inc. ("KinderCare").  The Court issued an Opinion and Order on June 20, 2008 (#55), granting KinderCare's partial Motion for Summary Judgment, denying the Insurance Companies' partial Motion for Summary Judgment, and dismissing AISLIC's contribution claim.  Before the Court is the Insurance Companies' Joint Motion for Order Directing Entry of Final Judgment Under FRCP Rule 54(b), or Alternatively, for Certification Under 28 U.S.C. § 1292(b).  KinderCare does not object to the motion.

## BACKGROUND

Nicholas Dawson was injured while at a KinderCare facility when he tripped and fell with a plastic toy asparagus spear in his mouth.  The asparagus spear was part of a toy vegetable

set that KinderCare bought from School Specialty, Inc. Through his *guardian ad litem*, he brought suit against KinderCare and School Specialty. The child's lawsuit alleged claims for strict products liability, negligence and punitive damages against School Specialty, and a single claim of negligence against KinderCare.

KinderCare tendered defense of the lawsuit and demanded indemnification from School Specialty, pursuant to an agreement between KinderCare and School Specialty. School Specialty in turn referred KinderCare's tender of defense and demand for indemnification to its primary insurer, Wausau. Wausau accepted KinderCare's tender, although the parties dispute whether Wausau reserved its right to seek reimbursement of its defense costs.

School Specialty and its insurers settled the lawsuit for $3,508,301.16.

Wausau brings an indemnity claim against KinderCare and/or KinderCare's insurer, Discovery Property & Casualty Insurance Company (together "KinderCare"), seeking to recover the $1,000,000 it paid in the settlement. It also seeks defense costs in the amount of $231,508.73.

AISLIC, the provider of a commercial umbrella policy to School Specialty, brings claims for indemnity and contribution to recover $2,508,301.16, the portion of the settlement amount it paid.

After reviewing the provisions of the applicable agreement between KinderCare and School Specialty, I concluded that KinderCare was entitled to indemnity for the settlement reached in the Dawson lawsuit unless the "loss, damage, liability, cost or expense" was caused solely by KinderCare's negligence. Opinion and Order at 19 (quoting Section 13 in the Terms and Conditions of the Vendor Information Packet). I dismissed AISLIC's contribution claim on the basis that School Specialty and KinderCare do not have proportional shares of a "common

liability;" the Insurance Companies must either indemnify KinderCare for all or none of the liability. I concluded that Wausau's claim for defense costs is contingent on a determination about KinderCare's negligence.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief–whether as a claim, counterclaim, cross-claim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Supreme Court has stated, "[I]n deciding whether there are no just reasons to delay [the court can] consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980).

## DISCUSSION

There is no just reason for delay in entering a final judgment on AISLIC's contribution claim.

I direct the entry of a judgment on the contribution claim for a number of reasons. First, the claim is severable from the remaining claims. I dismissed AISLIC's contribution claim because I concluded the agreement between School Specialty and KinderCare requires School Specialty to defend and indemnify KinderCare for KinderCare's own partial negligence. Since

the language of the agreement makes School Specialty responsible for all or nothing, the Insurance Companies may not seek contribution from KinderCare.

Second, the case will be more efficiently resolved if there is an immediate appeal from the partial judgment entered in this case. It is appropriate to issue a final judgment on one claim in a multi-claim case where "the legal issues now appealed will streamline the ensuing litigation." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). Resolution on appeal of the legal issues I decided will save the Insurance Companies from the potentially needless task of proving KinderCare's sole negligence; such a trial would consume the valuable time and resources of this Court and of the parties. If my Opinion and Order is reversed, however, the remaining question will be whether KinderCare was partially negligent for the accident and what the proportional share of the liability KinderCare and School Specialty will share. Without entry of final judgment on the contribution claim, this Court and the parties are faced with the possible prospect of undertaking two trials–one now on the issue of KinderCare's sole negligence and, if reversed on appeal, one later on the issue of KinderCare's partial negligence.

In addition, at the request of the parties, I stay proceedings in this court pending a decision on appeal.

## CONCLUSION

Accordingly, for the reasons discussed above, I grant Plaintiffs' Joint Motion for Order Directing Entry of Final Judgment Under FRCP Rule 54(b), or Alternatively, for Certification Under 28 U.S.C. § 1292(b) (#20, 56).

IT IS SO ORDERED.

Dated this      5th      day of December, 2008.

                                                 /s/ Garr M. King
                                                 Garr M. King
                                                 United States District Judge