IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**AMERICAN INTERNATIONAL**                        Civil Case No. 07-642-KI *(Lead Case)*
**SPECIALTY LINES INSURANCE**                     Civil Case No. 07-978-KI
**COMPANY**, an Alaska corporation,

         Plaintiff,                            OPINION AND ORDER ON
                                                  AISLIC'S MOTION FOR
   v.                                    RECONSIDERATION

**KINDERCARE LEARNING CENTER,**
**INC.**, a Delaware corporation,

         Defendant.


      Jay A. Christofferson
      McCormick Barstow, Sheppard
      Wayte & Carruth LLP
      P. O. Box 28912
      5 River Park Place East
      Fresno, California  93720-1501

James L. Hiller
Hitt Hiller Monfils Williams, LLP
411 SW Second Avenue, Suite 411
Portland, Oregon  97204-2508

       Attorneys for Plaintiffs

Louis A. Ferreira
Timothy W. Snider
Stoel Rives, LLP
900 SW Fifth Avenue, Suite 2600
Portland, Oregon  97204

       Attorneys for Defendant


KING, Judge:

       Plaintiffs American International Specialty Lines Insurance ("AISLIC") and Employers

Insurance Company of Wausau ("Wausau") bring a consolidated action against KinderCare

Learning Centers, Inc. ("KinderCare") to recover amounts they paid to settle a lawsuit brought

against KinderCare and toy distributer School Specialty, Inc.  I recently granted KinderCare's

Motion for Judgment on the Pleadings on the indemnity and contribution claims, but permitted

Wausau to amend its complaint on the very narrow issue of its claim for defense costs.  Pending

before me is KinderCare's Motion to Strike Wausau's Amended Complaint [127, 96] and

AISLIC's Motion for Reconsideration [131, 100].  For the following reasons I grant both motions

but decline to amend my Opinion and Order granting judgment to KinderCare.

## BACKGROUND

       Since the parties are familiar with the facts, I do not repeat them here.  The background of

this dispute is recorded in the following decisions of this Court:  Opinion and Order on cross-

Page 2 - OPINION AND ORDER ON AISLIC'S MOTION FOR RECONSIDERATION

motions for summary judgment filed on June 20, 2008 [55]; Opinion and Order directing entry of judgment under Federal Rule of Civil Procedure 54(b) on December 5, 2008 [61]; Opinion and Order on cross-motions for summary judgment signed on July 30, 2010 and filed on August 2, 2010 [96], (hereinafter cited as "2010 O&O"); and Opinion and Order on KinderCare's Motion for Judgment on the Pleadings filed on March 18, 2011 [126].  In addition, the Ninth Circuit Court of Appeals referenced the facts of the case in a Memorandum Opinion filed February 8, 2010 [71].

It is the March 18, 2011 Opinion and Order, granting KinderCare judgment on AISLIC's indemnity and contribution claims, that AISLIC moves me to reconsider.  In that Opinion and Order I also granted KinderCare's motion as to Wausau's claim for defense costs, but granted Wausau leave to file an amended complaint "specifying the basis of its claim."  American Int'l Specialty Lines Ins. Co. v. KinderCare Learning Ctr., Inc., Opinion and Order 19, 2011 WL 1002172, at *11 (D. Or. Mar. 18, 2011) (hereinafter cited as "2011 O&O").  Wausau filed its Amended Complaint and KinderCare now moves to strike the pleading.

## LEGAL STANDARDS

A motion for reconsideration of a court's order must show newly discovered evidence, a change in controlling law, or that the decision was clearly erroneous or manifestly unjust.  School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

A motion to strike a pleading under Federal Rule of Civil Procedure 12(f) is permitted where the pleading contains "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

Page 3 - OPINION AND ORDER ON AISLIC'S MOTION FOR RECONSIDERATION

**DISCUSSION**

I.      KinderCare's Motion to Strike Wausau's Amended Complaint

I granted Wausau leave to file an amended complaint as follows:

I instruct Wausau to specify the basis for its claim for defense costs. It clarified at
oral argument that the claim is not based on indemnity or contribution, but is instead
an express or implied contract theory. Wausau must set out the basis for its claim in
an amended complaint that must be filed within ten days of this Opinion and Order.

2011 O&O 19.

Later in the opinion I summarized that KinderCare's motion for judgment on the pleadings

was "granted as to Wausau's claim for defense costs with leave to Wausau to file an amended

complaint specifying the basis of its claim" and concluded with the statement that "Wausau's claim

for defense costs is also dismissed, but it has leave to amend its complaint to set out its theory of

recovery for defense costs against KinderCare within ten days of this Opinion." Id. at 19-20.

Wausau then filed its "Amended Complaint for Reimbursement of Defense and Indemnity

Expenses." Wausau included additional factual and legal allegations having nothing to do with its

claim for defense costs (see ¶¶ 17, 18, 19, 21, 22, and 23)[1] and alleged a "Second Claim for

Relief–Reimbursement/Contribution of Indemnity Expenses." Wausau Am. Compl. Part IV. In its

second claim for relief, Wausau alleges the following:

27.     It was also agreed between Wausau and KinderCare/Discover, that if
Paragraph 13 of the Vendor Information Packet was not part of the contract and/or
not legally enforceable; and if KinderCare was not an additional insured under the

---

[1]Wausau explains that it included paragraphs 17 through 19 to avert its fear that
"KinderCare might again move for a Judgment on the Pleadings, asserting an alleged breach of
the Insurance Requirements for Vendors that somehow results in Wausau not being legally able
to pursue its claim for reimbursement of defense costs." Wausau's Response 3. However, I have
already held that School Specialty breached the VIP; any effect of that ruling on Wausau's claim
for defense costs is yet to be seen.

Page 4 - OPINION AND ORDER ON AISLIC'S MOTION FOR RECONSIDERATION

Wausau policy that insured School Specialty, then Wausau could pursue a claim of ORS 31.805 contribution against KinderCare and/or Discover, with regard to the $1,000,000 it paid on behalf of School Specialty to settle the Dawson lawsuit.

      28.    School Specialty's fault for the Dawson accident was less than 28.5%, and the $1,000,000 amount paid by Wausau on behalf of School Specialty was more than School Specialty's proportionate share under ORS 31.805. As such, Wausau is entitled to contribution from KinderCare and/or Discover.

Id. at ¶¶ 27, 28.

Wausau's new allegations and claim for contribution go well beyond the limited permission I gave Wausau. Wausau did not seek leave under Federal Rule of Civil Procedure 15(a) to amend its complaint beyond the scope I contemplated in the 2011 Opinion and Order, does not now explain why the contribution claim is not futile pursuant to the analysis in the 2011 Opinion and Order,[2] and does not now explain why an amendment adding a contribution claim was delayed all these years.

Wausau expresses frustration that I am requiring something more than notice pleading. In fact, however, Wausau's complaint failed to state any legal basis for its claim for defense costs, causing KinderCare confusion as to how to defend the claim. See Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121-1122 (9th Cir. 2008) (dismissal may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory[;]" and must give the defendant "fair notice of what . . . the claim is and the grounds upon which it rests.").

Wausau's Amended Complaint is stricken and Wausau is directed to set out its claim for

_____

      [2]If the outcome on KinderCare's motion for judgment on the pleadings had been different, I would have permitted Wausau to amend its complaint to add a contribution claim. Such a claim is futile at this stage of the litigation.

defense costs as I originally instructed in the 2011 Opinion and Order, within ten days of this opinion and order.  Wausau is strictly limited to asserting a claim for defense costs.

II.    AISLIC's Motion for Reconsideration

AISLIC moves me to reconsider the 2011 Opinion and Order granting KinderCare's motion for judgment on the pleadings.  In that decision, as relevant to this motion to reconsider, I came to the following conclusions:  (1) I considered the allegations in the underlying lawsuit, the provisions of the two insurance policies, and the language in the VIP–the contract between KinderCare and School Specialty–in resolving the motion; (2) I concluded that neither insurance company could assert an indemnity claim against KinderCare; (3) I concluded the VIP was clear and unambiguous–School Specialty was required to make KinderCare an "additional insured" for product liability claims when the bodily injury "ar[o]se from acts" by School Specialty; and (4) I found School Specialty had breached its contract with KinderCare to provide product liability insurance, that had School Specialty obtained product liability insurance it would have covered Dawson's injury, that AISLIC stepped into the shoes of its own insured, and that School Specialty's breach barred AISLIC's contribution claim against KinderCare under the Waterway line of cases.[3]  As a result, I granted KinderCare's motion for judgment on the pleadings.

As a general matter, AISLIC could have raised in the first round of briefing almost all of the arguments it now presents.  In addition, it fails to point to any newly discovered evidence or any change in controlling law.  Accordingly, I evaluate the 2011 Opinion and Order to determine whether my decision was clearly erroneous or manifestly unjust.

---

[3]Waterway Terminals v. P.S. Lord, 242 Or. 1, 406 P.2d 556 (1995).

Page 6 - OPINION AND ORDER ON AISLIC'S MOTION FOR RECONSIDERATION

A.      Consideration of the VIP

AISLIC questions my decision to consider the VIP's language when it was not referenced in the pleadings.  The timing of KinderCare's motion for judgment on the pleadings was not typical–coming after a decision on summary judgment, an appeal to the Ninth Circuit, and a second decision on summary judgment.[4]  Throughout these extensive proceedings, the existence of, and authenticity of, the VIP was never in dispute and it was proper to take judicial notice of my previous decisions referencing its language in order to resolve the motion.  See Heliotrope General, Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, this court may consider facts that are contained in materials of which the court may take judicial notice.") (internal quotation marks and citation omitted).

B.      Interpretation of the VIP

AISLIC reiterates its contention that the terms of the VIP are ambiguous and contends I should have considered extrinsic evidence in evaluating whether an ambiguity in the VIP existed in the first place.  Pursuant to Abercrombie v. Hayden Corp., 320 Or. 279, 883 P.2d 845 (1994), and Batzer Const., Inc. v. Boyer, 204 Or. App. 309, 129 P.3d 773 (2006), AISLIC contends I should have considered evidence of the circumstances underlying formation of the VIP in order to determine whether the insurance requirements section was ambiguous.  Nothing AISLIC has argued changes my mind about my interpretation of the unambiguous language, which requires coverage for "bodily injury . . . which may arise from acts by Vendor[.] . . . Vendor agrees to maintain adequate insurance . . . to insure against the aforesaid" by maintaining "general liability

---

[4]The motion was prompted by the 2010 Opinion and Order concluding KinderCare was not an additional insured for the Dawson loss, which was why the motion was not brought earlier.

Page 7 - OPINION AND ORDER ON AISLIC'S MOTION FOR RECONSIDERATION

(including contractual liability, completed operations, products liability, and contingent liability for acts of subcontractors)" in the amount of at least $1,000,000.  2011 O&O 9.

Additionally, AISLIC for the first time relies on a doctrine permitting the introduction of evidence which contradicts the unambiguous terms of a contract to which it is not a party–the "stranger" to a contract doctrine.  AISLIC relies on Carolina Casualty Ins. Co. v. Oregon Auto. Ins. Co., 242 Or. 407, 413, 408 P.2d 198 (1965), in which the court recognized that "parol evidence can be used to vary or contradict a contract when the litigation is between a party to the contract and a stranger thereto."

KinderCare points out that AISLIC, in its subrogated contribution claim, stands in the shoes of School Specialty and, as a result, is not a "stranger" to the VIP.  AISLIC cites no Oregon case in which the doctrine has been used by an insurer in a subrogated contribution case.  Contrary to AISLIC's description of Carolina Casualty as being that case, the insurer brought an equitable contribution claim against its co-insurer which is not a right that arises by way of subrogation.  See Certain Underwriters at Lloyd's London and Excess Ins. Co., Ltd. v. Mass. Bonding and Ins. Co., 235 Or. App. 99, 113, 230 P.3d 103 (2010).

AISLIC takes issue with my conclusion that had it been named an additional insured, it would have been covered to the same extent as School Specialty.  It contends that the VIP does not require KinderCare to be named as a "Named Insured" or "Additional Named Insured" and that a contractual requirement to name an entity an "additional insured" could be satisfied in a variety of ways.  However, "the well-understood meaning of the term is an entity enjoying *the same protection as the named insured*."  BP A.C. Corp. v. One Beacon Ins. Grp., 33 A.D.3d 116, 122 (N.Y. App. Div. 2006) (internal quotation marks omitted) (emphasis in original) (cited in AISLIC's

Reply 6).  School Specialty's failure to provide insurance for "completed operations" and "products liability" for bodily injury arising out of School Specialty's distribution of the asparagus bars AISLIC's contribution claim.

       C.      Wausau's Amended Complaint as "New Evidence"

AISLIC argues Wausau's amended complaint constitutes "new evidence."  As I set forth above, however, Wausau filed its amended complaint asserting new allegations and a contribution claim without permission of the court.  As a result, I have stricken it and do not consider it in resolving AISLIC's motion for reconsideration.

       D.      "Acts" of School Specialty

AISLIC focuses on language I used in interpreting the VIP, which referred to Dawson's allegations about the asparagus, to challenge my conclusion that School Specialty failed to obtain the requisite insurance.  The specific language they challenge reads as follows:  "Indeed, the 'acts' of School Specialty would include the act of distributing a product to KinderCare that, as Dawson alleged, was defective, unreasonably dangerous, and without adequate warnings or instructions."  2011 O&O 10.

To clarify, I interpreted the VIP to mean School Specialty was to obtain products liability insurance that would cover "bodily injury . . . which may arise from acts by Vendor[.]"  I read "acts" to mean something more than "ongoing operations" and concluded that "the act of distributing a product to KinderCare" would constitute an act by School Specialty.  Id.  Further, I consulted the provision as a whole and found that because KinderCare required product liability insurance, "acts" must be broader than "operations."  Id. at 10-11.  Consequently, having obtained coverage only for its "ongoing operations," School Specialty failed to comply with the VIP.  My

Page 9 - OPINION AND ORDER ON AISLIC'S MOTION FOR RECONSIDERATION

reference to Dawson's allegations here was superfluous.

      E.    <u>Factual Issues Regarding Coverage of Dawson Loss and Settlement Policy</u>

AISLIC argues factual issues remain as to who is actually at fault for the Dawson loss  and that the decision granting judgment to KinderCare undermines Oregon's public policy goal of settling similar disputes.  Later, it reiterates its position that there are factual issues as to "*what caused the underlying injury*" in that there has been no determination that the toy asparagus was defective.  Pl.'s Mem. 12 (emphasis in original).

AISLIC presented no factual issues that would preclude judgment to KinderCare.  I followed the <u>Waterway</u> line of cases in resolving KinderCare's motion.  In accordance with <u>Waterway</u>, I considered "the general understanding of what [product liability insurance] means" and looked to how the policies define the "products-completed operations hazards[.]"  2011 O&O 13.  Since the Dawson loss "ar[o]se out of" the toy asparagus, I found the injury had a causal connection to the product and would have fallen within the terms of product liability coverage had School Specialty obtained it.  I referenced an Oregon case interpreting product liability coverage to extend to the negligence of the purchaser or vendor.  <u>Laminated Wood Prods. Co. v. Pederson</u>, 76 Or. App. 662, 670, 711 P.2d 165 (1985).   I concluded that had School Specialty provided this coverage, AISLIC would have been liable for any amount of damages the jury apportioned, and I found School Specialty's failure to procure insurance that would have covered the Dawson loss resulted in a bar to AISLIC's action.  It is irrelevant whether the toy asparagus was defective or not; KinderCare would have been covered under School Specialty's insurance had School Specialty complied with the terms of the VIP.

AISLIC argues correctly that I improperly relied on the allegations in Dawson's complaint

Page 10 - OPINION AND ORDER ON AISLIC'S MOTION FOR RECONSIDERATION

to conclude that Dawson suffered "bodily injury" "arising out of" School Specialty's toy asparagus. It makes no difference, however.  AISLIC itself alleged that Dawson was injured when he fell with the toy asparagus spear in his mouth.  AISLIC Compl. ¶ 6.  There is no question School Specialty's product was the factual cause of Dawson's injury.

      F.      <u>Indemnity Claim</u>

AISLIC argues I made the wrong decision in granting KinderCare judgment on AISLIC's indemnity claim.  It asserts that it is not making the claim against a "third party," but is instead making it against its additional insured.  According to AISLIC, KinderCare received coverage for School Specialty's ongoing operations, just not coverage for the <u>Dawson</u> loss; AISLIC seeks indemnity from KinderCare for the uninsured loss.

In addition to the reasons I set forth in the 2011 Opinion and Order on this issue, I reiterate that the loss should have been an insured loss.  AISLIC does not persuade me otherwise.

      G.      <u>Appropriateness of Judgment on the Pleadings</u>

AISLIC asserts that I erred in granting a judgment on the pleadings when  KinderCare's motions for leave to amend were pending, and when Wausau has since filed an amended complaint.  However, the pleadings were closed.  KinderCare sought leave to amend, *and only as an alternative* to my consideration of its motion for judgment on the pleadings.  In addition, I granted *leave* to Wausau to amend its complaint, and only on the very narrow issue of its defense costs, an issue which is wholly unrelated to the claims AISLIC brought against KinderCare.  As for any delay in bringing the motion, I accept that KinderCare was prompted to do so by my ruling in 2010 finding KinderCare not an additional insured for the Dawson loss.

Page 11 - OPINION AND ORDER ON AISLIC'S MOTION FOR RECONSIDERATION

H.     <u>Summary</u>

This was a difficult and lengthy case presenting a multitude of issues.  I carefully considered KinderCare's motion the first time around, and have again scrutinized the parties' arguments.  I do not believe that the 2011 Opinion and Order was clearly erroneous or manifestly unjust and, as a result, I decline to amend my decision granting judgment to KinderCare.

**CONCLUSION**

For the foregoing reasons, KinderCare's Motion to Strike Wausau's Amended Complaint [127, 96] and AISLIC's Motion for Reconsideration [131, 100] are granted, but I decline to amend my Opinion and Order granting judgment to KinderCare.  Wausau's Amended Complaint is stricken.  If it chooses to do so, it must file an Amended Complaint replacing the stricken version alleging only its claim for defense costs within ten days of this Opinion and Order.

IT IS SO ORDERED.

Dated this _____27th_____ day of July, 2011.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge